**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Affiliated FM Insurance Company, | No. CV-22-00450-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Hill Phoenix Incorporated, *et al.*, | |
| Defendants. | |

At issue are Defendant Hill Phoenix Inc.'s Motion for Judgment on the Pleadings (Doc. 13), to which Plaintiff Affiliated FM Insurance Company filed a Response (Doc. 18) and Defendant filed a Reply (Doc. 20); and Plaintiff's Motion for an Order Disregarding New Arguments in Defendant's Reply Brief in Support of Its Motion for Judgment on the Pleadings (Doc. 21), to which Defendant filed a Response (Doc. 24) and Plaintiff filed a Reply (Doc. 25). The Court finds these matters appropriate for resolution without oral argument. LRCiv 7.2(f).

**I.     BACKGROUND**

In this case, Plaintiff, an insurance company, seeks compensation from Defendant, a commercial freezer manufacturer that sold a freezer to Plaintiff's insured, Sprouts Farmers Market Inc. (Doc. 1, Compl.) Plaintiff alleges that a product defect in the freezer was the source of a fire that caused almost $1.4 million in property and product damages to Sprouts. Plaintiff raises five claims against Defendant: product defect, product

negligence, *res ipsa loquitur*, breach of warranty, and breach of contract. Related to its claims, Plaintiff attached to the Complaint a Pricing Agreement, which it alleges applies to Defendant's sale of the freezer to Sprouts and which contains an indemnification provision. (Compl. ¶¶ 44–47; Ex. 1.)

In its Answer, Defendant alleges as an affirmative defense that "[t]he Pricing Agreement does not apply to the sale of the Freezer to the Store." (Doc. 9, Answer, Aff. Defenses ¶ 3.) Instead, Defendant alleges that a document attached to a 2019 Quotation entitled "General Provisions" applies to Defendant's sale of the freezer to Sprouts, and Defendant attaches the 2019 Quotation and General Provisions to the Answer. (Answer, Aff. Defenses ¶¶ 2, 4; Ex. A.)

Defendant now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## II.      LEGAL STANDARD

Under Rule 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A motion for judgment on the pleadings can be brought to challenge the legal sufficiency of the opposing party's pleading. *Westlands Water Dist. v. Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992). The motion should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for

failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III.   ANALYSIS

In its Motion, Defendant makes the unusual—and incorrect—argument that an attachment to its Answer entitles it to judgment on Plaintiff's pleading. The starting point of a Rule 12(c) analysis is the Complaint, the allegations of which the Court takes as true for purposes of resolving Defendant's Motion. Additionally, Rule 10(c) provides, "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Thus, in evaluating whether Defendant is entitled to judgment on the pleadings, the Court takes as true Plaintiff's allegations that the Pricing Agreement applies to Defendant's sale of the freezer to Sprouts, including the terms of the Pricing Agreement as attached to the Complaint.

In a Rule 12(c) Motion, the Court is not called on to resolve potential conflicts between the allegations in Plaintiff's Complaint and an attachment to Defendant's Answer provided in conjunction with an Affirmative Defense, and Defendant cites no case in which a Court properly undertook such a task at this early stage of the litigation (without converting the motion to one for summary judgment, which no party requests the Court to do here). Indeed, Defendant's allegations in its Answer simply create a question of fact regarding the applicability of the Pricing Agreement and/or 2019 Quotation and General Provisions to Defendant's sale of the freezer to Sprouts that the Court cannot resolve on the pleadings. *See Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 231 (9th Cir. 1989) (concluding allegations in answer creating a question of fact preclude judgment on the pleadings); *see also N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454–57 (7th Cir. 1998) (reversing district court's grant of judgment on the pleadings to defendant by taking as true the allegations in plaintiff's complaint and its attachments, and in so doing, declining to weigh defendant's attachment to its affirmative defenses against plaintiff's allegations and attachment). Defendant's Motion serves to demonstrate that the parties must have the opportunity to develop the record in this case, including what terms apply to Defendant's sale of the freezer to Sprouts.

**IT IS THEREFORE ORDERED** denying Defendant's Motion for Judgment on the Pleadings (Doc. 13).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for an Order Disregarding New Arguments in Defendant's Reply Brief in Support of Its Motion for Judgment on the Pleadings (Doc. 21).

Dated this 18th day of January, 2023.

Honorable John J. Tuchi
United States District Judge